Dewet, J.
This is an action of debt on a bond executed by the defendant, to secure the performance, by Matthew D. Field, of an award under a submission by the plaintiff and said Matthew D., under Rev. Sts. c. 114, and which is the same submission and award stated and considered by the court in Day v. Laflin, ante, 285, 286. It will be perceived,that the bond is predicated upon an award made upon a submission under the statute, which of course required a valid judgment of the court of common pleas, accepting the same; and the proceedings in that case having been reversed upon a writ of error,, this would constitute a good defence to the present action, but for the fact that this reversal of the judgment has taken place since the trial of this case, and its removal here upon exceptions, duly filed by the plaintiff, to the ruling of the court of common pleas in matter of law; that court holding that the plaintiff was not entitled to maintain his action. Upon these exceptions, the first inquiry is, whether it is competent for the defendant to take the proposed objections to the award ; it having passed into a judgment, and *289 this judgment not having then been reversed. And we think he might, and that his relation to the award will permit him to question its validity, without a reversal. Being neither party nor privy to that judgment, he could not sue out a writ of error to reverse it. But when a judgment is recovered, contrary to law, a third party, who is prejudiced by it, may avoid it, without such reversal. Downs v. Fuller, 2 Met. 135.
There are, we think, sufficient grounds for avoiding the effect of this judgment, when relied on to charge the defendant as surety for the performance of jhe award to be made under the submission stated in the bond. 1. The award was uncertain and imperfect, on the face of it, as to the finding and final determination of the matters submitted. And we do not think it competent for the plaintiff, by parol evidence, to explain or control the award, or to show that the matter contained in the duplicates did not, in fact, substantially vary the awav-d."' The-" question on the judgment upon the award must be adjudged by the award itself. 2. The award,does not"find that Matthew D. Field should pay any sum ofeihoney to Laflin, but leaves it uncertain whether the referees award any thing further in the matter than to ascertain the amount that shall be indorsed on a note held by Lafliri against Field; leaving Laflin to retain Field’s note for the bajánce, on settlement of their various claims. The surety became obligated that Matthew D. Field should well and truly abide by and perform the award of the referees, and he has a right to insist upon restricting the effect of this award, and the liabilities arising thereon, to the terms of the award as it appears upon the face of it. We think the ruling of the court of cofnmon pleas was correct, and that a verdict was properly taken for the defendant.

Exceptions overruled.